## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:15-CV-00195-TBR-LLK

ACT FOR HEALTH, d/b/a
Professional Case Management, *et al.*,   Plaintiffs/Counterclaim Defendants,

v.

UNITED ENERGY WORKERS
HEALTHCARE CORP., *et al.*,   Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

In this diversity action, United Energy Workers Healthcare Corp. (UEW) and its wholly-owned subsidiary, Kentucky Energy Workers Healthcare, LLC (KEW), seek leave to file an amended counterclaim. That effort comes past the time set for amending pleadings in the Court's scheduling order, and so ACT for Health, d/b/a Professional Case Management (PCM), and its wholly-owned subsidiary, Professional Case Management of Kentucky, LLC (PCMK), question UEW's diligence. Nonetheless, the Court concludes that UEW has demonstrated good cause under Federal Rule of Civil Procedure 16 for failing to seek leave to amend prior to the pertinent deadline. Accordingly, UEW's Motion to File Amended Counterclaim, R. 24, is **GRANTED**.

### I.

### A.

The instant dispute relates to Professional Case Management (PCM) and United Energy Workers Healthcare Corp.'s (UEW) provision of various services to eligible individuals under the Energy Employees Occupational Illness Compensation Program Act of 2000 (EEOICPA), 42 U.S.C. § 7384 *et seq.* Administered by the U.S. Department of Labor, the EEOICPA affords "benefits to individuals or their survivors for illnesses

1

incurred from exposure to toxic substances while working for the Department of Energy or certain related entities." *Watson v. Solis*, 693 F.3d 620, 622 (6th Cir. 2012).

PCM has been providing skilled home health services to EEOICPA-eligible patients since around 2002. R. 1 at 3, ¶ 12 (Complaint). While PCM acts as an enrolled provider with the Department of Labor, *id.*, ¶ 13, its wholly-owned subsidiary, Professional Case Management of Kentucky, LLC (PCMK), *id.* at 1, ¶ 2, serves as a licensed home health agency in the Commonwealth of Kentucky, *id.* at 3, ¶ 13. Similar to the relationship between PCM and PCMK, UEW acts as an enrolled provider with the Department of Labor, R. 14 at 1, ¶ 1 (Counterclaim), and Kentucky Energy Workers Healthcare, LLC (KEW), its wholly-owned subsidiary, *see* R. 13 at 1, ¶ 2 (Answer), is authorized and certified to provide personal care services in the Commonwealth, R. 14 at 1, ¶ 2.

According to PCM, KEW has been providing home health care services in Kentucky without the necessary licensure. R. 1 at 5, ¶¶ 19–20. PCM claims that KEW has solicited (or has attempted to solicit) several of PCMK's clients by offering, for example, free and unrelated services (such as lawn care) as incentives to switch providers. *Id.*, ¶¶ 21–23. Moreover, PCM alleges that KEW classifies its nurses as independent contractors and thereby unlawfully avoids the cost of complying with various state and federal laws. *Id.* at 5–6, ¶¶ 24–26, 31–32.

UEW denies PCM's allegations, *see* R. 13 at 2, ¶ 6, and makes some of its own, *see* R. 14 at 2–3, ¶¶ 5–14. In principal part, UEW says PCMK has attempted to induce its clients to discontinue existing "personal care services contracts" by characterizing KEW's business practices as illegal. R. 14 at 2, ¶ 5. UEW claims such statements, along

with other "untruthful and disparaging characterizations of [KEW] and its personal care services," threaten UEW's relationships with current and prospective clients. *Id.*, ¶ 6.

**B.**

On August 31, 2015, PCM and PCMK filed this action against UEW and KEW, alleging claims for unfair competition, tortious interference with contractual and prospective business relations, as well as violations of Ky. Rev. Stat. § 216B.010 *et seq. See* R. 1 at 6–8, ¶¶ 28–50. UEW filed a counterclaim for tortious interference with contractual and prospective business relations and for defamation on October 6, 2015. *See* R. 14 at 1–3, ¶¶ 4–14. Now, UEW and KEW move for leave to file an amended counterclaim to join Cold War Patriots (CWP), a Delaware nonprofit corporation, as an additional counterclaim defendant, and to add claims of unfair competition and civil conspiracy. *See* R. 24 at 1 (Motion to File Amended Counterclaim). PCM and PCMK oppose UEW's motion as untimely. *See* R. 27 at 2–3 (Response in Opposition to Motion to File Amended Counterclaim).

**II.**

While Federal Rule of Civil Procedure 15 entitles any party to "amend its pleading once as a matter of course" before being served with a responsive pleading, Fed. R. Civ. P. 15(a)(1), and instructs the Court to freely "give leave [to amend] when justice so requires" in all other cases, Fed. R. Civ. P. 15(a)(2), that "window of opportunity does not remain open forever," *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). Once a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Federal Rule of Civil Procedure 16 first. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citing *Sosa v. Airprint*

3

*Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam)); *Shane*, 275 F. App'x at 536.  Scheduling-order modifications, Civil Rule 16 says, are available only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party."  *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  If the movant demonstrates "good cause," then the Court will grant leave to amend—except, of course, where there has been "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment."  *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III.**

UEW concedes its effort to amend was tardy, but argues that its diligence and the lack of prejudice to any party support a finding of good cause under Civil Rule 16.  *See* R. 24 at 2–3; R. 31 at 2–4 (Reply).  Moreover, UEW asserts (and PCM does not appear to contest) that, under Civil Rule 15, leave to amend is otherwise proper.  *See* R. 24 at 2–3; R. 31 at 2–4 (Reply).  UEW is correct on both points.

**A.**

UEW has adequately explained why it failed to seek leave to amend at an earlier date:  It was unaware of the facts supporting those claims until the eve of the January 8,

2016 deadline for filing amended pleadings. *See* R. 31 at 2–3; *see also* R. 21 at 1, ¶ 2 (Scheduling Order). For example, UEW first heard rumors in late December 2015 that PCMK might be offering home health services in various Kentucky counties despite lacking the necessary authorization. *See* R. 31 at 2. It was not until early February 2016, however, that UEW obtained "credible evidence" to support that speculation. *Id.* The same is true for UEW's claims against CWP. Though UEW knew *something* of CWP's activities before the deadline to file amended pleadings had passed, it lacked the evidence to support the alleged affiliation between CWP and PCM until late January 2016. *See id.* at 2–3. UEW filed its motion to amend on February 26—only a handful of weeks after uncovering the necessary factual material to support its new claims. Accordingly, UEW has exhibited diligence in trying to meet the deadlines set in the scheduling order. *See Fee v. Millcreek-W. Unity Sch. Dist. Bd. of Educ.*, No. 3:12-CV-01723, 2013 WL 821521, at *3 (N.D. Ohio Mar. 5, 2013) (finding movant acted diligently by seeking "leave to amend [her] complaint shortly after she developed sufficient factual support to proceed" with the new claim).

In addition, PCM has not explained why it would be prejudiced by the proposed amendment. As UEW points out, discovery remains open, the parties have exchanged very little written materials, and "no depositions have [been] taken." R. 31 at 4. No party will be prejudiced by allowing UEW to amend its counterclaim. *See Arnold v. City of Columbus*, No. 2:08-CV-31, 2010 WL 319942, at *3 (S.D. Ohio Jan. 20, 2010) (finding no prejudice where discovery remained open and no dispositive motions had been filed).

Consequently, the Court concludes that UEW has demonstrated good cause under Civil Rule 16 for its failure to seek leave to amend prior to the deadline set in the Court's scheduling order. *See* Fed. R. Civ. P. 16(b)(4).

### B.

Although PCM does not address the point, the Court further concludes that leave to amend is proper under Civil Rule 15. *See* Fed. R. Civ. P. 15(a)(2). There has been no showing that UEW either unduly delayed before asking to amend, or acted in bad faith. As discussed earlier, no party will suffer prejudice. Accordingly, the Court will grant UEW leave to file an amended counterclaim.

### IV.

**IT IS HEREBY ORDERED** that Defendants United Energy Workers Healthcare Corp. and Kentucky Energy Workers Healthcare, LLC's Motion to File Amended Counterclaim, R. 24, is **GRANTED**. The Clerk of the Court is **DIRECTED** to docket the attached First Amended Counterclaim of Defendant United Energy Workers Healthcare Corp., R. 24-1.

**IT IS SO ORDERED.**

Date:

cc:  Counsel of Record