UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-cv-195-TBR

ACT FOR HEALTH, et al.,                                                         PLAINTIFFS

v.

UNITED ENERGY WORKERS
HEALTHCARE CORPORATION, et. al.,                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon two motions. First, Plaintiffs Act for Health d/b/a Professional Case Management ("PCM") and Professional Case Management of Kentucky, LLC, ("PCMK"), (collectively, "Plaintiffs"), have filed a Motion to Amend Complaint. [DN 107.] Defendant United Energy Workers Healthcare Corporation ("UEW") has responded. [DN 111.] Plaintiffs have replied, [DN 120], and Defendants have filed a Surreply with leave of the Court. [DN 129.] This matter is ripe for adjudication. For the following reasons, Plaintiffs' Motion to Amend Complaint [DN 107] is **GRANTED.** Second, Defendants have filed an "Unopposed Motion for Leave to Give Oral Argument" on the Motion to Amend Complaint. [DN 124.] Because the Court has decided to grant Plaintiffs' Motion to Amend Complaint, Defendants' Motion for Leave to Give Oral Argument has been rendered moot, and the Court hereby **DENIES** it [DN 124] as such.

**I. Background[1]**

Plaintiffs filed this action against UEW and its wholly-owned subsidiary, Kentucky Energy Workers Healthcare, LLC ("KEW," and collectively, "Defendants") in 2015, alleging

---
[1] This background section is largely taken from this Court's previous Memorandum Opinion and Order granting Defendants' Motion to Amend Counterclaim. [*See* DN 34.]

1

unfair competition, violations of Kentucky's laws and regulations regarding the licensure of health care service providers, and tortious interference with contractual and prospective business relationships. [*See* DN 1.] Defendants answered this Complaint on October 6, 2015, and also filed a Counterclaim against Plaintiffs that same day. [*See* DN 13, DN 14.] In May of 2016, this Court granted Defendants' Motion to Amend Counterclaim, wherein Defendants added a counter-defendant, Cold War Patriots ("CWP"), a Delaware nonprofit corporation, and alleged the following claims: tortious interference with contract and/or prospective business relations, unfair competition, civil conspiracy, and defamation, as well as prayers for injunctive relief and punitive damages. [DN 35.]

Plaintiffs and Defendants are engaged in a dispute relating to each company's provision of various services to eligible individuals under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), 42 U.S.C. § 7384 *et seq.* EEOICPA is administered by the United States Department of Labor, and affords "benefits to individuals or their survivors for illnesses incurred from exposure to toxic substances while working for the Department of Energy or certain related entities." *Watson v. Solis*, 693 F.3d 620, 622 (6th Cir. 2012). Plaintiffs have been engaged in these in-home services since approximately 2002. [DN 1, at 3.] While PCM acts as an enrolled provider with the Department of Labor, its wholly-owned subsidiary, PCMK, serves as a licensed home health agency in the Commonwealth of Kentucky. [*Id.* at 1, 3, 13.] Similar to PCM and its subsidiary, UEW acts as an enrolled provider with the Department of Labor. [DN 14, at 1.] Its wholly-owned subsidiary, KEW, is authorized and certified to provide personal care services in the Commonwealth. [*Id.*]

According to Plaintiffs, KEW has been providing home health care services in Kentucky without the necessary licensure. [DN 1, at 5.] Plaintiffs claim that KEW has solicited (or has

attempted to solicit) several of PCMK's clients by offering, for example, free and unrelated services (such as lawn care) as incentives to switch providers. [*Id.*] Moreover, Plaintiffs allege that KEW classifies its nurses as independent contractors, and thereby unlawfully avoids the cost of complying with various state and federal laws. [*Id.* at 5-6.] UEW denies Plaintiffs' allegations, [*see* DN 13, at 2], and makes some of its own. [*See* DN 35.] In principal part, UEW says PCMK has tortuously interfered with its lawful contracts and business relationships and has defamed it, among other claims. [*See* DN 35.] Discovery in this matter has been underway for some time, and the case's schedule has been amended on numerous occasions. Currently before the Court is Plaintiffs' Motion to Amend Complaint. [DN 107.]

Regarding the instant Motion, Plaintiffs seek to add five new Defendants to the action, as well as an additional claim of civil conspiracy. [*See* DN 107-1.] Specifically, Plaintiffs wish to add Brightmore Home Care of Kentucky, LLC, ("Brightmore"), John Falls ("Falls"), Travis Shumway, Chad Shumway, and Nicholas Bame ("Bame") to the action. [*See id.*] Falls is the Chief Executive Officer of UEW; Travis and Chad Shumway are the principal owners and/or managers of Brightmore; Bame is the Area Director for UEW for the Commonwealth of Kentucky. [*Id.* at 2-3.] Brightmore is a limited liability company, which Plaintiffs allege was formed in 2016 by Travis and Chad Shumway, "apparently with the intent to purchase Private Duty Nursing Agency licenses held by other entities." [*Id.* at 8.] Bame is the registered agent in Kentucky for Brightmore. [*Id.*]

Plaintiffs have further alleged in their proposed Amended Complaint that "Brightmore began providing home health care services to UEW's and/or KEW's clients, in conjunction with UEW and/or KEW," and that "UEW and/or KEW so dominate Brightmore, that UEW/KEW and Brightmore are essentially indistinguishable and lack any meaningful corporate separateness."

3

[*Id.*] Moreover, Brightmore and UEW/KEW "share the same common directors and officers, such as Mr. Bame, Mr. Falls, and the Shumways," and "UEW/KEW finances Brightmore's operations." [*Id.*] Now, the Court must decide if these proposed new Defendants and the additional count of civil conspiracy should be allowed in this case.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, where that time has passed, Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While the Federal Rules encourage a liberal construction of Rule 15, it may be appropriate to deny leave to amend a complaint "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003).

## III. Discussion

As an initial matter, the Court finds it prudent to address this case's timeline. The Court is cognizant of the fact that the Motion to Amend Complaint and the Motion for Oral Argument were filed in May and July of last year, respectively. A good deal of time has passed since these matters became ripe. Due to an oversight, these two matters were not identified until the year-end review and analysis of current cases before the Court. The Court will rule on them now. In

the present case, Defendants set forth two principal arguments in their Response regarding why Plaintiffs' instant Motion to Amend Complaint should be denied by this Court: (1) Plaintiffs' proposed amendments are futile; and (2) Plaintiffs' undue delay in filing the Motion warrants its denial because of prejudice to Defendants. [*See generally* DN 111.] The Court will address each of these arguments in turn.

### A. Futility of the Amendments

"A court can deny a motion for leave to amend a complaint when granting the motion would be futile; for example, if the amended complaint would not survive a motion to dismiss." *Halcomb v. Black Mountain Resources, LLC*, 303 F.R.D. 496, 500 (E.D. Ky. 2014) (citing *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745-46 (6th Cir. 1992)); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (explaining that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). This standard is a much more lenient one than that of summary judgment, and proposed amendments should not be examined under the latter, more demanding standard. *See Rose*, 203 F.3d at 420 (noting that "[t]he test for futility…does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment…."). Here, Defendants argue that Plaintiffs' proposed new claim, for civil conspiracy, is futile and that this Court should deny the instant Motion accordingly. [*See* DN 111, at 25.]

"A claim for civil conspiracy requires 'a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means.'" *Ellington v. Federal Home Loan Mortg. Corp.*, 13 F. Supp.3d 723, 730 (W.D. Ky. 2014) (quoting *Peoples Bank of Northern Kentucky, Inc. v. Crowe Chizek & Co., LLC*, 277 S.W.3d 255, 261 (Ky. Ct. App. 2008)). Further, "[t]he elements of a civil conspiracy are: 1) an

agreement or combination, 2) that is unlawful or corrupt, 3) entered into by two or more persons, 4) for the purpose of accomplishing an unlawful goal." *Id.* (internal citations omitted). Notably though, "civil conspiracy is not a free-standing claim; rather, it merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort." *Id.* (internal citations omitted).

The Court is satisfied that Plaintiffs' proposed Amended Complaint sufficiently lays out factual allegations, which, taken as true, cannot be considered "futile," especially when given the liberal construction of Rule 15(a) and this Court's duty to grant leave to amend pleadings when justice so requires. Defendants argue that Plaintiffs fail "to adequately plead that the alleged conspirators took any overt act that caused [Plaintiffs] harm." [DN 111, at 26.] Of course, part of showing that a civil conspiracy took place is alleging and proving that some act was taken in furtherance of the conspiracy: this stems from the "concert of action" requirement noted above. *See Ellington*, 13 F. Supp.3d at 730; *see also Peoples Bank of Northern Kentucky, Inc.*, 277 S.W.3d at 260-61. While Defendants are correct in noting the "concert of action" requirement, the Court finds that Plaintiffs' proposed Amended Complaint meets this, and the other, requirements for alleging a civil conspiracy.

Specifically, Plaintiffs allege that Brightmore was formed and is being operated "for the corrupt and unlawful combination or agreement to further service UEW's and KEW's current and/or former patient-clients in order to reduce or limit UEW's and/or KEW's liability in this litigation." [DN 107-1, at 15.] Plaintiffs also allege that the formation and continuing operation of Brightmore constitutes an effort "to further unlawfully deprive PCM of both its current and prospective business relations…." [*Id.*] In the Court's view, these certainly constitute "overt acts" or, in the language of *Ellington*, unlawful "concert of action….." *Ellington*, 13 F. Supp.3d

6

at 730. Defendants argue that the formation of Brightmore does not constitute an "overt act," [DN 111, at 26], but in that they are mistaken. Moreover, even if the formation of the company itself were insufficient, the proposed Amended Complaint alleges its continued operation to be illegal and a part of the alleged conspiracy, thereby further satisfying this requirement.

However, in addition to alleging an agreement/combination and a concert of action, Plaintiffs were also required to allege (1) its illegality, (2) actions by two or more people, and (3) an unlawful goal by those parties. *See id.* This the Plaintiffs have done. First, Plaintiffs are explicit in their allegations that the act of forming and operating Brightmore with the purpose of interfering with Plaintiffs' business and limiting their liability constitute illegal acts; implicit in these allegations is an unlawful goal: illegally providing certain health care services and unlawfully interfering with Plaintiffs' contracts and business relations. [*See* DN 107-1, at 15.] Finally, Plaintiffs allege that UEW, KEW, Falls, Bame, and the Shumways were/are involved in this alleged conspiracy, thereby satisfying the requirement of "two or more persons...." *See Ellington*, 13 F. Supp.3d at 730. The civil conspiracy count against Defendants is not futile and the Court refuses to prevent its inclusion in the present action. Defendants do not argue futility with respect to the addition of Brightmore, Falls, Bame, or the Shumways, and the Court declines to address the issue further. The civil conspiracy count is against all of these individuals and because the claim is itself not futile, it follows that the persons and/or entities against whom relief is sought in the count are properly joined to the action as well.

**B. Undue Delay in Filing the Motion**

The second argument proffered by Defendants is that the period of time which elapsed between Plaintiffs becoming apprised of the necessary facts to file an amended pleading and Plaintiffs actually doing so constitutes undue delay. [DN 111, at 27.] This, Defendants contend,

7

would prejudice them, and is sufficient to deny the instant Motion. [*Id.*] The Court finds no undue delay, and further finds that any prejudice to Defendants would be relatively light, and therefore declines to deny Plaintiffs' Motion.

This case commenced on August 31, 2015 when Plaintiffs filed their initial Complaint. [DN 1.] Thereafter, Defendants filed their Answer on October 6, 2015. [DN 13.] That same day, Defendants filed a Counterclaim. [DN 14.] On November 5, 2015, this Court issued a scheduling order in the case. [DN 21.] This schedule has been amended by the Court numerous times throughout 2016 and 2017. [*See generally* Case Docket, 5:15-cv-195.] Apparently, in deposing Bame on December 12, 2016, Plaintiffs learned about Falls and the Shumways creating Brightmore earlier that year. [DN 107, at 3.] Plaintiffs further learned that Brightmore had allegedly begun to service UEW's patients, although the care "was still being provided by UEW's caregivers…." [*Id.*] According to Plaintiffs, UEW fired its counsel after this deposition, thereby temporarily halting any further depositions Plaintiffs wished to take at that time. [*Id.*] At the beginning of 2017, Plaintiffs sought further disclosures concerning Brightmore from UEW's newly-retained counsel, which were apparently hard to come by. [*Id.*] Thereafter, according to Defendants, Plaintiffs waited until May of 2017, roughly five months later, to file the instant Motion. Defendants do not dispute *when* Plaintiffs became apprised of the existence of Brightmore or its alleged connection with UEW, KEW, or any of those companies' respective officers. Defendants challenge the merit of Plaintiffs' claims with respect to Brightmore and the alleged civil conspiracy, but that contention is largely irrelevant to the question of undue delay and prejudice. Instead, that argument goes to the futility of the proposed claim, which the Court has already addressed above.

The Court finds that the time which elapsed between the filing of Plaintiffs' initial Complaint at the commencement of this lawsuit and the December 12, 2016 deposition of Bame does not bear upon the undue-delay analysis. Indeed, according to Plaintiffs, Brightmore was not even formed until sometime in 2016, after the lawsuit began. Thus, the essential question is whether the time period between Plaintiffs' stated desire to file a motion to amend their Complaint in January 2017 and the actual filing of that motion on May 12, 2017 constitutes undue delay which would prejudice Defendants. The Court looks to the Sixth Circuit Court of Appeals for guidance on this issue: "it is well-settled that delay alone is not a sufficient reason for denying leave" to amend a complaint. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (quoting *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981)). Instead, such a "delay must have [also] resulted in prejudice to the party opposing the motion." *Id.* And as Plaintiffs have pointed out, where such prejudice to the defendant is "relatively light," this, in and of itself, will be insufficient to deny a plaintiff the opportunity to amend his or her pleading. *See id. See also* [DN 120, at 19.]

Here, Defendants only argue that the prejudice they would suffer is derivative of the delay in Plaintiffs' filing of the instant Motion. Stated a different way, Defendants do not proffer specific, independent reasons why they will suffer prejudice as a result of the Amended Complaint being filed. Rather, they simply argue that the delay, and the likely case schedule amendments that will follow, will inevitably prejudice them in this case. The Court is unpersuaded by this. Five months is not an unreasonable length of time. To be sure, Plaintiffs could have been more diligent in filing the proposed Amended Complaint, but certain discovery matters could have been ongoing at that juncture and the Court is simply not prepared to call this delay "undue." Moreover, at the time Plaintiffs filed this Motion, just three weeks had passed

since the Court issued a new scheduling order. This scheduling order placed the discovery deadline at January 19, 2018, or roughly eight months after the Motion was filed. Given the long period of time between the filing of the Motion and the discovery deadline, it stretches credulity to argue that prejudice would befall Defendants with respect to the case and discovery schedule. Indeed, it is only because this Court initially overlooked the instant Motion that the discovery deadlines will need to be amended, and that is through no fault of Plaintiffs.

In short, the liberal construction given to Rule 15(a) and its demand that leave to amend be given by the Court when justice so requires, coupled with the fact that this would constitute Plaintiffs' first amended pleading, leads this Court to conclude that there was no undue delay and justice demands that Plaintiffs be given an opportunity to try all of their claims in this case.

### C. Defendants' Response as a Motion to Dismiss

As a final matter, the Court finds it prudent to address Defendants' Response to the instant Motion to Amend Complaint. [*See* DN 111.] In their Response, Defendants argue, of course, that Plaintiffs should not be allowed to amend their Complaint, but further argue that *all* of Plaintiffs' claims are "futile" and the entire Complaint (or Amended Complaint) should be dismissed for failure to state a claim upon which relief can be granted. [*See generally id.*] However, even assuming Defendants have brought this motion in a proper manner from a procedural standpoint under the Federal Rules of Civil Procedure, the Court is not inclined to rule on it at this time. This is for multiple reasons. First, the long delay from the time of the filing of Plaintiffs' Motion to Amend Complaint and this Court's occasion to rule on it; additionally, because Defendants have moved in a Response and not in a separate filing, the docket did not present it to the Court as a filing which required a ruling. The Court feels that the better procedure would be to deny Defendants' motion without prejudice, and provide them with leave

to refile it, should they choose to do so, in light of this Court's decision to grant Plaintiffs' Motion to Amend Complaint. **Defendants shall have fourteen days from the issuance of this Memorandum Opinion and Order** to refile any motion to dismiss relating to Plaintiffs' claims or to the joined Defendants, provided that it is procedurally proper under the Federal Rules of Civil Procedure. Thereafter, **Plaintiffs will have fourteen days to respond, and Defendants will have seven days to reply.**

### IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED as follows:**

Plaintiffs' Motion to Amend Complaint [DN 107] is **GRANTED.**

Defendants' Motion for Oral Argument [DN 124] is **DENIED AS MOOT.**

Defendants' Motion to Dismiss [DN 111] is **DENIED WITHOUT PREJUDICE. Defendants may refile a motion to dismiss, if they choose to do so, within fourteen (14) days of the issuance of this Memorandum Opinion and Order. Thereafter, Plaintiffs shall have fourteen (14) days to respond, and Defendants shall have seven (7) days to reply.**

Counsel for Defendants shall notify the Court and opposing counsel by email at the following address when the matter is ripe for a decision: Kelly_P_Harris@kywd.uscourts.gov

The Clerk is directed to file Plaintiffs' First Amended Complaint [DN 107-1] as of the date of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**


cc: Counsel of Record